IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

NATHAN JEWELL                                                    PLAINTIFF

v.                     NO. 4:20-cv-00363 JM-PSH

ANDREW SAUL, Commissioner of                                     DEFENDANT
the Social Security Administration

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Plaintiff Nathan Jewell ("Jewell") began this case by filing a complaint pursuant to 42 U.S.C. 405(g). In the complaint, Jewell contested the denial of his application for supplemental security income payments.

The Commissioner of the Social Security Administration ("Commissioner") responded to the complaint by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Docket Entry 10. In the motion, the Commissioner maintained that Jewell did not file his complaint within sixty days "after his presumptive receipt of notice of the Commissioner's final decision." See Docket Entry 10 at CM/ECF 3. The Commissioner supported his motion with several exhibits that he maintained "affirmatively established" the untimeliness of the complaint. See Docket Entry 10 at CM/ECF 3. In a footnote, the Commissioner observed that equitable tolling is not warranted in this instance.

Jewell responded to the Commissioner's motion by acknowledging that the complaint is indeed untimely. Jewell conceded that the Commissioner is "correct on the chronology and the jurisdictional law," and "[d]ismissal would appear to be proper given the facts on the face of the record." See Docket Entry 11 at CM/ECF 3.

The Commissioner's motion is construed as one for summary judgment pursuant to Federal Rule of Civil Procedure 56, and the undersigned recommends that the motion be granted.[1] Jewell's complaint is untimely, and equitable tolling is not warranted in this instance.[2] This case should be dismissed, and judgment should be entered for the Commissioner.

---

[1] Federal Rule of Civil Procedure 12(d) provides that if, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56, and the parties given an opportunity to present materials pertinent to the motion. Notice of the conversion is not required, though, when both parties clearly intend for the court to consider evidence they submitted that is outside of the pleadings. See Whitfield on behalf of Weaver v. Berryhill, 2017 WL 4582534, 4, n.2 (E.D.Ark. 2017) (Ray, MJ), report and recommendation adopted, Whitfield on behalf of Weaver v. Social Security Administration, 2017 WL 4678242 (E.D.Ark. 2017) (Marshall, J.). Here, the Commissioner's motion is construed as one for summary judgment because the exhibits accompanying the motion have not been excluded. Notice of the conversion is not required because Jewell acknowledges that the Commissioner is correct on the chronology and concedes that dismissal is appropriate given the "facts on the face of the record."

[2] Equitable tolling is limited to the rare case. The Court of Appeals has allowed it in the following instances:

> where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

See Medellin v. Shalala, 23 F.3d 199, 204 (8th Cir. 1994) [quoting Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)]. Here, Jewell has not actively pursued his judicial remedies by filing a defective pleading during the statutory period or been induced or tricked by the Commissioner's misconduct into allowing the filing deadline to pass

DATED this 18th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE